UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                         Case No. 8:08-CR-154-T-27TBM

JORGE LUIS PEREZ-VEGA
_____/

ORDER

**BEFORE THE COURT** is Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3282(C)(2) Guideline Amendment 782 and 788 (Dkt. 88), the Government's opposition (Dkt. 91), and Defendant's Reply (Dkt. 93).[1] Upon consideration, Defendant's motion is **DENIED**.

Defendant is ineligible for a sentence reduction under Amendment 782 because his 78 month sentence "is less than the minimum of [his] amended guideline range," and he did not receive a § 5K1.1 downward departure based on substantial assistance. USSG §§ 1B1.10(b)(2)(A) and (B); *United States v. King*, 610 Fed.Appx. 965, 966 (11th Cir. 2015) (When the Government never moved for a § 5K1.1 downward departure for substantial assistance, and "a defendant's original sentence is already lower than the minimum of her amended guidelines range, she is not eligible for a reduction below the amended guidelines range."); *United States v. Pierre,* 2015 WL 3541385 (11th Cir. 2015).

---

[1] In accordance with this Court's *Omnibus Order In Re: Amendment 782, United States Sentencing Guidelines* 6:14-MC-78-ORL-22 ("Omnibus Order"), the U.S. Probation Office has submitted a memorandum recommending that Defendant is ineligible for a reduction in sentence pursuant to Amendment 782.

Defendant's original guideline range was 108-135 months, based on a Total Offense Level 31, Criminal History Category I. A three level *variance* was granted, and Defendant was sentenced to 78 months (Dkt. 80).[2] Applying Amendment 782, his Total Offense Level is 29, resulting in an amended guideline range of 87-108 months. Since his 78 month sentence is "is less than the minimum of the amended guideline range," he is ineligible for a sentence reduction under Amendment 782. USSG § 1B1.10(b)(2)(A).

**DONE AND ORDERED** this 16th day of September, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] As noted, the Government did **not** file a §5K1.1 substantial assistance motion for downward departure. The Government did move for a 2 level *variance*, consistent with the Plea Agreement (Dkt. 68, p. 3, ¶ 7). Defendant's contention that by recommending a 2 level variance, the Government essentially agreed to a guideline range of 87-108 months confuses departures with variances. Section 1B1.10(b)(2)(A) expressly prohibits sentence reductions in cases where the original sentence "is less than the minimum of the amended guideline range." Section 1B1.10(2)(B) provides the only exception, inapplicable here, where the original sentence was below the guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities."